IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| ARTHUR NEWTON DICKLER | : | BANKRUPTCY NO. 24-13462 (AMC) |
| | : | |
| Debtor | : | |
| | : | |
| ROBERT W. SEITZER, in his capacity the Chapter 7 Trustee for the Estate of ARTHUR NEWTON DICKLER | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | ADVERSARY NO. 25- |
| | : | |
| ARTHUR NEWTON DICKLER and FRANCES T. LEVIN | : | |
| | : | |
| Defendants | : | |
| | : | |

**COMPLAINT OF ROBERT W. SEITZER, CHAPTER 7
TRUSTEE, TO AVOID AND RECOVER FRAUDULENT
TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND 550**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of Arthur Newton Dickler (the "Debtor" and "Mr. Dickler"), by and through his counsel, Karalis PC, hereby brings this Complaint against Mr. Dickler and Frances T. Levin ("Ms. Levin", and together with Mr. Dickler, the "Defendants"), and in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 544 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover fraudulent transfers made to the Defendants.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendants pursuant to Fed. R. Bankr. P. 7004 and because the Defendants transacted and did business with the Debtor prior to the Petition Date (as defined hereinafter).

## PARTIES

5. The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6. Mr. Dickler is an individual residing at 872 Geranium Drive, Warrington, PA 18976.

7. Ms. Levin is an individual residing at 115 Black Hill Road, Plymouth Meeting, PA 19462.

8. The Defendants are married to one another.

## STATEMENT OF FACTS

**A.    Procedural Background.**

9. On September 26, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

10. On September 27, 2024, the Trustee was appointed which appointment remains in effect.

2

B.  **The Transfers.**

11. On or within four (4) years prior to the Petition Date, the Debtor deposited all of his personal funds (collectively, the "Transfers") into a joint checking account at TD Bank, N.A. with Account No. ********1777, a joint savings account at TD Bank, N.A. with Account No. ********4896 and a joint certificate of deposit account at TD Bank, N.A. with Account No. ********9317 (collectively, the "Accounts").

12. The Accounts were owned by the Debtor and his wife, Ms. Levin, as a tenancy by the entirety.

13. The Debtor was the primary contributor of funds into the Accounts.

14. As of the Petition Date, the Accounts had an aggregate balance of $64,349.00 (the "Account Balances") broken down as follows:

    (a) TD Bank, N.A. Checking Account = $18,000.00,

    (b) TD Bank, N.A. Savings Account = $25,247.00 and

    (c) TD Bank, N.A. Certificate of Deposit Account = $21,102.00.

15. At this time, the Plaintiff is only seeking to avoid and recover the Transfers in the aggregate amount of $64,349.00 as these funds were clearly not spent on necessities.

16. The Plaintiff reserves the right to amend this Complaint to seek the avoidance and recovery of additional transfers made into the Accounts on or within four (4) years prior to the Petition Date to the extent that the Transfers were not spent on necessities.

C.  **The Debtor's Insolvency at the Time of the Transfers.**

17. At the time of all of the Transfers, the Debtor had a significant debt obligation owed to the Small Business Administration in the amount of at least $299,000.00 (the "SBA Obligation")

3

plus significant obligations owed to other creditors.

18.     At the time of the Transfers, the Debtor was clearly insolvent as defined in 11 U.S.C. § 101(32) as a result of the SBA Obligation and other liabilities.

19.     Upon information and belief, the Debtor's liabilities far exceeded his non-exempt assets at the time of the Transfers.

20.     Upon information and belief, the Debtor's only material assets at the time of the Transfers were the exempt Accounts and other exempt assets.

## COUNT I

### To Avoid Actual Fraudulent Transfers Pursuant to 11 U.S.C. § 544

21.     The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 20 hereof as if fully set forth herein at length.

22.     A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). In pertinent part, this statutory provision states:

> **(b)(1)** . . . the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title . . .

See, 11 U.S.C. § 544(b)(1).

23.     The requisite state law theory that the Plaintiff seeks to apply in this action to avoid the actual fraud incurred is § 5104 of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), which reads, in relevant part, as follows:

> (a)     General rule. – A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

4

Case 25-00101-amc    Doc 1    Filed 01/02/25    Entered 01/02/25 16:12:17    Desc Main
Document      Page 5 of 10

(1) with actual intent to hinder, delay or defraud any creditor of the debtor . . .

(b) Certain factors. – In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:
(1) the transfer or obligation was to an insider;
(2) the debtor retained possession or control of the property transferred after the transfer;
(3) the transfer or obligation was disclosed or concealed;
(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) the transfer was of substantially all the debtor's assets;
(6) the debtor absconded;
(7) the debtor removed or concealed assets;
(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor . . .

*See*, 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

24. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

25. In this action, a review of the present set of facts shows that the fraudulent transfer claims being pursued by the Plaintiff occurred within the applicable time-limitation period. The Transfers all occurred within four (4) years of the Petition Date.

26. As set forth herein, the Debtor owes the SBA Obligation. In addition, the Debtor owes obligations to American Express, Barclay's Bank of Delaware and others as set forth in his Bankruptcy Schedules. Thus, there were creditors of the Debtor as of the Petition Date.

27. As already stated, a review of the present set of facts clearly and convincingly demonstrates that the Debtor made the Transfers to the Defendants. The Debtor is both a

5

transferor and a transferee. *See, In re Titus*, 916 F.3d 293, 301 (3d Cir. 2019).

28. Specifically, a review of the present set of facts clearly and convincingly demonstrates that the Transfers constituted a transfer of an interest of the Debtor in property. As set forth herein, the Debtor was the primary contributor of funds into the Accounts. The deposit of a debtor's funds into an entireties account is a "transfer" of an "asset" under the PUVTA. *See, In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016).

29. That being so, the Plaintiff believes and therefore avers that the Debtor made the Transfers to the Defendants with actual intent to hinder, delay or defraud his creditors in accordance with 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

30. The Plaintiff believes and therefore avers that the actual intent of the Debtor to hinder, delay or defraud his creditors is clearly and convincingly demonstrated by the following facts and circumstances identified below:

  (a) The Debtor received no reasonably equivalent value for the Transfers;

  (b) The Transfers were made to Ms. Levin who is an insider;

  (c) The Transfers occurred when the Debtor was having financial difficulties in light of the SBA Obligation;

  (d) The Debtor retained possession of the Accounts;

  (e) The Transfers were substantially all of the Debtor's assets; and

  (f) The Transfers occurred at a time when the Debtor was insolvent or likely to become insolvent as a result of the Transfers.

31. In short, the Plaintiff believes and therefore avers that the Debtor intended, believed, or reasonably should have believed that by making the Transfers to the Defendants he

would be unable to meet his obligations to his creditors.

**WHEREFORE**, the Plaintiff respectfully demands judgment in his favor and against the Defendants in accordance with 11 U.S.C. § 544(b)(1) and 12 Pa. C.S.A. §§ 5104(a)(1) and (b) as follows:

(a) Declaring that the Transfers be set aside and declared void;

(b) Recovering, for the benefit of the Debtor's estate, the Transfers or their value in accordance with 11 U.S.C. § 550(a);

(c) Preserving the voided transfers for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(d) Awarding pre-judgment and post-judgment interest on the Transfers;

(e) Awarding the Plaintiff his costs and reasonable attorneys' fees; and

(f) Granting such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### To Avoid Constructive Fraudulent Transfers Pursuant to 11 U.S.C. § 544

32. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 31 hereof as if fully set forth herein at length.

33. A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). One of the state law theories that the Plaintiff seeks to apply in this action to avoid the constructive fraud incurred is § 5104 of the PUVTA:

(a) General rule. — A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
. . .

7

  (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
    (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
    (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due . . .

*See*, 12 Pa. C.S.A. § 5104(a)(2).

  34. The other state law theory that the Plaintiff seeks to apply in this action is found at § 5105 of the PUVTA. In pertinent part, it provides as follows:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation . . .

*See*, 12 Pa. C.S.A. § 5105.

  35. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

  36. In this action, a review of the present set of facts shows that the fraudulent transfer claims being pursued by the Plaintiff occurred within four (4) years of the Petition Date.

  37. As already stated, a review of the present set of facts affirmatively demonstrates that the Debtor made the Transfers to the Defendants. The Debtor is both a transferor and a transferee. *See, Titus*, 916 F.3d at 301.

  38. Specifically, a review of the present set of facts affirmatively demonstrates that the Transfers constituted a transfer of an interest of the Debtor in property. *See, Wettach*, 811 F.3d at 115.

8

39. The Small Business Administration was a creditor at the time of the Transfers and as of the Petition Date.

40. As set forth herein, the Debtor was clearly insolvent at the time of the Transfers. In addition, the Debtor received absolutely nothing as a result of the Transfers.

41. This being so, the Plaintiff believes and therefore avers that the Transfers were made for less than a reasonably equivalent value at a time when the Debtor was insolvent, or likely to become insolvent as a result of the transfers. As set forth herein, the Transfers were not spent on necessities. Deposits of a debtor's individual funds into an entireties account are constructive fraudulent transfers unless they were spent on necessities. *See, In re Titus*, 467 B.R. 592, 611 (Bankr. W.D. Pa. 2012); *In re Meinen*, 232 B.R. 827, 842 - 43 (Bankr. W.D. Pa. 2009).

42. In like manner, the Plaintiff believes and therefore avers that the Transfers were made for less than a reasonably equivalent value at a time when the Debtor was engaged in, or about to be engaged in, a business or a transaction for which his remaining assets were unreasonably small capital.

43. At the same time, the Plaintiff believes and therefore avers that the Transfers were made for less than a reasonably equivalent value at a time when the Debtor would incur debts beyond his ability to pay.

**WHEREFORE**, the Plaintiff respectfully demands judgment in his favor and against the Defendants pursuant to 11 U.S.C. § 544(b)(1) and 12 Pa. C.S.A. §§ 5104(a)(2) and 5105 as follows:

    (a)    Declaring that the Transfers be set aside and declared void;

    (b)    Recovering, for the benefit of the Debtor's estate, the Transfers or their value in accordance with 11 U.S.C. § 550(a);

(c)     Preserving the voided transfers for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(d)     Awarding pre-judgment and post-judgment interest on the Transfers;

(e)     Awarding the Plaintiff his costs and reasonable attorneys' fees; and

(f)     Granting such other relief as this Honorable Court deems just and appropriate.

 

**Respectfully submitted,**

**KARALIS PC**


By:     /s/ Robert W. Seitzer
       ROBERT W. SEITZER
       1900 Spruce Street
       Philadelphia, PA 19103
       (215) 546-4500
       rseitzer@karalislaw.com

*Attorneys for the Plaintiff/Trustee*

Dated: January 2, 2025