IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| ARTHUR NEWTON DICKLER | BANKRUPTCY NO. 24-13462 (AMC) |
| Debtor | |
| ROBERT W. SEITZER, in his capacity the Chapter 7 Trustee for the Estate of ARTHUR NEWTON DICKLER | |
| Plaintiff | |
| v. | ADVERSARY NO. 25-00101 (AMC) |
| ARTHUR NEWTON DICKLER and FRANCES T. LEVIN | |
| Defendants | |

**MOTION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE,
FOR APPROVAL OF A SETTLEMENT AGREEMENT AND MUTUAL
RELEASE BETWEEN THE TRUSTEE AND THE DEFENDANTS
PURSUANT TO FED. R. BANKR. P. 9019(a) AND 11 U.S.C. § 105(a)**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of Arthur Newton Dickler (the "Debtor" and "Mr. Dickler"), by and through his counsel, Karalis PC, hereby moves (the "Motion") this Honorable Court for approval of a settlement agreement and mutual release (the "Agreement") between the Trustee and Mr. Dickler and Frances T. Levin ("Ms. Levin", and together with Mr. Dickler, the "Defendants") (at times, the Trustee and the Defendants are collectively referred to herein as the "Parties"), and in support thereof, respectfully represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. The statutory basis for the relief requested herein is 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019.

## BACKGROUND

**A.** **Procedural Background.**

4. On September 26, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

5. On September 27, 2024, the Trustee was appointed which appointment remains in effect.

**B.** **The Transfers.**

6. On or within four (4) years prior to the Petition Date, the Debtor deposited all of his personal funds (collectively, the "Transfers") into a joint checking account at TD Bank, N.A. with Account No. ********1777, a joint savings account at TD Bank, N.A. with Account No. ********4896 and a joint certificate of deposit account at TD Bank, N.A. with Account No. ********9317 (collectively, the "Accounts").

7. The Accounts were owned by the Defendants as a tenancy by the entirety.

8. As of the Petition Date, the Accounts had an aggregate balance of $62,243.03 broken down as follows:

    (a) TD Bank, N.A. Checking Account = $15,894.03,

    (b) TD Bank, N.A. Savings Account = $25,247.00 and

    (c) TD Bank, N.A. Certificate of Deposit Account = $21,102.00.

C.  **The Adversary Proceeding.**

9. On January 2, 2025, the Trustee initiated an adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against the Defendants at Adversary No. 25-00101(AMC).

10. The Complaint seeks, *inter alia*, to avoid and recover the Transfers pursuant to the provisions of 11 U.S.C. §§ 544 and 550.

11. The Defendants deny that the Transfers are subject to avoidance and recovery by the Trustee.

12. The Parties have engaged in settlement discussions and rather than continue with protracted litigation, the Parties now desire to settle, compromise and resolve all claims between and among them in connection to the Adversary Proceeding, the Complaint and the Transfers (collectively, the "Settled Claims") in accordance with the terms and conditions of the Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit "A" and made a part hereof.

## TERMS OF AGREEMENT

13. The terms and conditions of the Agreement provide, *inter alia*, as follows:

   A. **Effective Date and Related Matters.** No later than five (5) business days after the execution and delivery of the Agreement, the Trustee shall file a motion in the Bankruptcy Court (the "Settlement Motion") to approve the Agreement under Fed. R. Bankr. P. 9019 and otherwise applicable bankruptcy law. The settlement shall be evidenced and implemented by the Agreement, the Settlement Motion, and the "Final Order" approving the Agreement. "Final Order" shall mean an order entered by the Bankruptcy Court which is unstayed and has become final and non-appealable. The "Effective Date" is a date (i) upon which the order approving the Agreement becomes a Final Order and (ii) the Settlement Amount (as hereinafter defined) has been paid in full by the Defendants to the Trustee.

   B. **Settlement Amount.** The Defendants shall pay the sum of $17,000.00 (the "Settlement Amount") to the Trustee to resolve the Settled Claims. The Settlement Amount shall be paid by the Defendants within ten (10) days after the entry of the Final Order. The check representing the Settlement

          Amount shall be made payable to "Robert W. Seitzer, Chapter 7 Trustee for the Estate of Arthur Newton Dickler" and forwarded directly to Robert W. Seitzer, Esquire, 1900 Spruce Street, Philadelphia, PA 19103.

C. **Representations and Warranties.**

    (i)    Each of the Parties represents and warrants that they have carefully read the Agreement, the contents thereof are known to them, and that the Agreement is executed voluntarily and without duress or undue influence.

    (ii)    Each of the Parties represents and warrants that in executing the Agreement each rely solely upon its own judgment, belief, and knowledge, and on the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of its rights and claims, and that each has not been influenced to any extent whatsoever in executing the same by any representations or statements covering any matters made by any of the Parties or by any person representing them or any of them.

    (iii)    Each of the Parties represents and warrants that the persons and entities executing the Agreement have the legal authority to do so.

D. **No Admission of Liability.** Nothing in the Agreement shall be deemed an admission of liability by any person or entity, whether party to the Agreement or otherwise.

E. **Mutual Releases.**

    (i)    Upon the Effective Date, in consideration of the release provided from the Trustee, the Defendants hereby irrevocably release, acquit and forever discharge the Debtor's bankruptcy estate, the Trustee, and his agents, attorneys, advisers, consultants, and their successors and assigns from any and every claim, loss (whether consequential, direct or indirect), demand, liability, action, cause of action, bond claim, liability, debt, damage, controversy, agreement, trespass, judgment, execution, and demand of any nature whatsoever, whether in law or in equity, whether known or unknown, which the Defendants have, or may acquire in the future arising out of, in connection with, or relating in any way to the Settled Claims; provided, however, nothing herein shall be deemed to release or discharge any obligation of the Trustee under the Agreement.

    (ii)    Upon the Effective Date, in consideration of the full payment of the Settlement Amount, the Trustee, on behalf of himself as Trustee and on behalf of the Debtor's bankruptcy estate, irrevocably releases,

4

      acquits and forever discharges the Defendants and their agents, attorneys, advisers, consultants, and their successors and assigns, from any and every claim, loss (whether consequential, direct or indirect), demand, liability, action, cause of action, bond claim, liability, debt, damage, controversy, agreement, trespass, judgment, and execution, of any nature whatsoever, whether in law or in equity, whether known or unknown, which the Trustee has, or may acquire in the future arising out of, in connection with, or relating in any way to the Settled Claims and any other claims that could have been asserted against the Defendants; provided, however, nothing herein shall be deemed to release or discharge any obligation of the Defendants under the Agreement.

  F. **Bankruptcy Court Approval.** The Agreement is contingent upon the entry of a final and non-appealable order of the Bankruptcy Court approving the Agreement. If the Agreement is not approved by the Bankruptcy Court, the Agreement shall be null and void and made without prejudice to the Parties who shall be returned to their original factual and legal positions. In addition, if the Agreement is not approved by the Bankruptcy Court, the Trustee shall immediately refund the Settlement Amount to the Defendants.

*See*, Exhibit "A".

  14. The discussion of the terms contained in the Agreement is intended as a summary only and all parties in interest are encouraged to read the Agreement. To the extent that there are any discrepancies between the summary contained in this Motion and the terms contained in the Agreement, the terms of the Agreement shall control.

## RELIEF REQUESTED AND THE BASIS THEREFOR

  15. Federal Rule of Bankruptcy procedure 9019(a) provides "on motion by the Trustee and after notice and a hearing, the Court may approve a compromise or settlement. The decision to approve or disapprove a settlement is within the sound discretion of the bankruptcy judge." *See*, *In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996).

  16. The Trustee seeks approval, pursuant to Bankruptcy Code § 105 and Fed. R. Bankr. P. 9019, of the settlement of the claims among the Parties as set forth in the Agreement.

5

17. In *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968), the Supreme Court instructed as to those factors to be considered in determining whether to approve a settlement. The factors outlined by the Supreme Court in Anderson have been uniformly summarized as follows:

    (a)    the probability of success in the litigation;

    (b)    the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it;

    (c)    the difficulties, if any, to be encountered in the matter of collection; and

    (d)    the paramount interest of the creditors.

*See, Martin*, 91 F.3d at 393; *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

18. Bankruptcy Rule 9019 authorizes this Court to approve the Agreement entered into by the Trustee. The decision whether to accept or reject a compromise is committed to the sound discretion of the Bankruptcy Court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate." *See, Louise's*, 211 B.R. at 801. *See also, In re Neshaminy Office Building Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

19. The settlement need not be the best that the debtor could have achieved, but must only fall "within the reasonable range of litigation possibilities." *See, In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court is not to substitute its own judgment for that of the debtor. *See, Neshaminy Office Bldg.*, 63 B.R. at 803. Moreover, it is not necessary for the court to conduct a truncated trial of the facts of the merits underlying the dispute. *See, Grant Broadcasting*, 71 B.R. at 396. *See also, In re A&C Properties*, 784 F.2d 1377,

6

1384 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986). Rather, the court need only "canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness." *See*, *Neshaminy Office Bldg.*, 62 B.R. at 803, *quoting*, *In re W.T. Grant Co.*, 4 B.R. 53, 69 (S.D.N.Y. 1977).

20. In the present case, the Agreement falls within the range of reasonableness for purposes of satisfying Fed. R. Bankr. P. 9019 criteria.

21. Not only would further litigation be costly and time consuming for the Trustee and the Debtor's estate, there are uncertainties in connection with the resolution of these claims including the potential for appeals, which could delay the final determination of these matters for a protracted period of time.

22. The Trustee believes that, in light of the complexity and the expense of the dispute between the Parties, the Agreement is in the best interest of the Trustee, the Debtor's estate and the creditors.

23. During informal discovery, it was determined that the amount of the Transfers that the Trustee could potentially avoid was reduced from $64,349.00 to $62,243.03. In addition, it was determined that approximately sixty percent (60%) of the Transfers were deposits of social security payments from the Defendants which could not be avoided by the Trustee.

24. The Defendants also asserted defenses to the Trustee's avoidance of the Transfers including, but not limited to, the reasonably equivalent value defense.

25. While the General Bar Date does not pass until March 21, 2025, most of the Debtor's general unsecured creditors have filed claims in the aggregate amount of approximately $400,450.00. The Settlement Amount will provide for a distribution to the Debtor's general unsecured creditors.

## NOTICE

26. This Motion and Notice of this Motion have been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) the Defendants' counsel; and (iii) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. In addition, Notice of this Motion has been provided to all of the Debtor's creditors. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) approving the Agreement and (b) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By:  /s/ Robert W. Seitzer
    Robert W. Seitzer, Esquire
    1900 Spruce Street
    Philadelphia, PA 19103
    (215) 546-4500
    rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: February 10, 2025